IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREENWICH INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 12-291 |
| v. | ) ) | Judge Cathy Bissoon |
| BBU SERVICES, INC., *et al.*, | ) ) ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's Motion to Dismiss (Doc. 46) the Chesapeake-Defendants' Amended Counterclaim for bad faith will be denied, and the BBU-Defendants' Motion (Doc. 59) for leave to amend their Counterclaim will be granted.[1]

Chesapeake's Amended Counterclaim (Doc. 44) alleges, among other things, that Plaintiff initially agreed in writing, on May 12, 2011**,** to defend Chesapeake "[without] issuing a Reservation of Rights Letter." *Id.* at ¶ 18 (quoting email of Plaintiff's counsel, filed under Doc. 59-4 at pg. 7 of 10). 165 days later, on October 24, 2011, Plaintiff reversed course and issued a reservation of rights letter. *See id.* at ¶ 19. Chesapeake claims to have detrimentally relied on Plaintiff's initial assurance of coverage, and it claims to have been prejudiced by Plaintiff's reversal of position. *See generally* Chesapeake's Am. Counterclaim at ¶¶ 23(I)-(J), 24 (Plaintiff's retraction of unqualified coverage has caused Chesapeake's insurer-retained counsel in underlying action to be named as fact witness in this case; it has threatened privileged

---

[1] The Chesapeake-Defendants hereinafter will be referred to collectively as "Chesapeake," and the BBU-Defendants as "BBU."

attorney-client communications; and it has required Chesapeake to retain its own counsel due to inherent conflicts of interest).

Numerous courts[2] have recognized that an insurer's delay in issuing a reservation of rights letter may, under certain circumstances, support a claim for bad faith or estoppel. *See, e.g.*, Gibney v. State Farm Fire & Cas. Co., 897 F. Supp.2d 618, 630-31 (S.D. Ohio 2012) (under Ohio law, insurer may be estopped from denying coverage if it makes clear misrepresentation as to coverage or provides defense without reserving its rights for period of time sufficient to prejudice insured's ability to conduct its own defense) (citation to quoted source omitted); Specialty Surplus Ins. Co. v. Second Chance, Inc., 412 F. Supp.2d 1152, 1168 (W.D. Wash. 2006) (where insurer defended claim under reservation of rights, but did not give insured notice of reservation for over two months, questions of fact remained regarding whether this conduct constituted bad faith and resulted in prejudice); Coregis Ins. Co. v. McCollum, 961 F. Supp. 1572, 1578 (M.D. Fla. 1997) (bad faith claim may be available "if an insurer erroneously begins to carry out its duty to defend . . ., and the insured relies [to its] detriment") (citation to quoted source omitted); N'western Nat'l Ins. Co. v. R.S. Armstrong & Bros. Co., 627 F. Supp. 951, 956 (D. S.C. 1985) (unqualified defense of underlying action for five months supported findings of waiver or estoppel, as matter of law) (citation omitted).[3]

---

[2] Neither Plaintiff nor Chesapeake believe that the viability of bad faith/estoppel claims turns on a choice-of-law analysis. *See* Pl.'s Br. (Doc. 47) at 9 (arguing that result would be same under laws of Pennsylvania or Ohio); Chesapeake's Opp'n Br. (Doc. 49) at 5 (results same under Pennsylvania, Ohio or Oklahoma law). The Court joins this conclusion, and it also finds that the legal standards referenced herein regarding bad faith/estoppel are, irrespective of jurisdiction, sufficiently similar to warrant consideration at this stage in the litigation.

[3] Some courts have viewed the issue through the prism of "bad faith," and others "estoppel." *See* cases cited in text, *supra*. The underlying precepts are the same, however, and the Court sees no distinction for the purposes of Chesapeake's Counterclaim. *See generally* Proper v. Crawford County Corr. Facility, 2010 WL 3829640, *2 n.6 (W.D. Pa. Sept. 24, 2010) ("draw[ing] a distinction based upon the headings of a particular pleading would be to elevate

And while Plaintiff may challenge Chesapeake's ability to carry its burdens of proof regarding purported detrimental reliance, prejudice and/or bad motive, these issues cannot properly be resolved at this stage of the litigation. *See, e.g.*, Scottsdale Ins. Co. v. City of Hazleton, 2010 WL 4375911, *2 (3d Cir. Nov. 5, 2010) (affirming ruling, on *summary judgment*, that three-month delay in issuance of reservation of rights letter was not unreasonable); American Capital Homes, Inc. v. Greenwich Ins. Co., 2010 WL 3430495, *4-5 (W.D. Wash. Aug. 30, 2010) (affirming entry of summary judgment in favor of insurer, who purportedly gave untimely notice of reservation of rights, under "[n]o reasonable finder of fact" standard); Lextron, Inc. v. Travelers Cas. & Sur. Co. of Amer., 267 F. Supp.2d 1041, 1048 (D. Colo. Jun. 18, 2003) (entering summary judgment in favor of insurer because insured failed to prove detrimental reliance); *see also, e.g.*, Gibney v. State Farm Fire & Cas. Co., 2012 WL 6015961, *4-5 (S.D. Ohio Dec. 3, 2012) (granting motion to reconsider denial of summary judgment in Gibney, 897 F. Supp.2d 618, cited *supra*, because there existed "no genuine dispute of fact as to the timeliness of [the] reservation letter") (emphasis added).

In light of the foregoing, Plaintiff has failed to demonstrate its entitlement to dismissal of Chesapeake's Counterclaim. In reaching this conclusion, the undersigned finds distinguishable the cases cited in Plaintiff's brief, including the recent decisions of this Court that have rejected, at the 12(b)(6) stage, "conclusory," "bare-bones" and "boilerplate" allegations of bad faith. *See, e.g.*, Timothy v. State Farm Fire & Cas. Co., 2012 WL 3648454, *5-6 (W.D. Pa. Aug. 23, 2012) *and* Palmisano v. State Farm Fire & Cas. Co., 2012 WL 3595276, *12-15 (W.D. Pa. Aug. 20, 2012). While some of Chesapeake's bad faith allegations may be susceptible to

---

form over substance, which is inappropriate in reviewing pleadings") (citation to quoted source omitted). To be clear, Chesapeake (and BBU) need not seek further leave to amend in order to pursue their claims under the rubric of "estoppel."

dismissal under the aforementioned decisions, Chesapeake's claims regarding Plaintiff's change in position, detrimental reliance and prejudice are not.

Consistent with these conclusions, moreover, BBU's request for leave to amend their Counterclaim will be granted. The analyses above apply with equal force to BBU's putative claims of bad faith/estoppel. Given that materially similar allegations already have been leveled by Chesapeake in this case, Plaintiff will not be unduly prejudiced by BBU's assertion of the same. *See* BBU's proposed am. counterclaim (filed under Doc. 59-1) at ¶¶ 26, 28, 38, 49, 51 & 56 (advancing claims materially similar to Chesapeake's).

Finally, the Court declines to reach Plaintiff's arguments regarding the types of damages that may or may not be available under Defendants' Counterclaims. *See, e.g.,* Pl.'s Br. (Doc. 47) at 14-18 (arguing that Chesapeake cannot recover punitive damages under Pennsylvania or Ohio law, damages for embarrassment under Pennsylvania's bad faith statute, damages for "emotional distress" under Ohio law, or damages for "financial losses" and "loss of reputation" under Ohio law). Unless and until a thorough choice-of-law analysis is presented to the Court, it would not be a good use of judicial resources to survey the laws of Pennsylvania, Ohio (and possibly Oklahoma) to determine which of the challenged remedies may survive dismissal under Rule 12(b)(6). Given that Defendants' Counterclaims will be allowed to proceed for the purposes of liability, the Court believes that damages-related issues are better addressed at summary judgment. *Cf. generally* Joint Mot. filed on Apr. 8, 2013 (Doc. 58) (discussing extensive discovery currently underway and global mediation efforts regarding this action and underlying suit).[4]

---

[4] These observations notwithstanding, the Court cannot *prohibit* Plaintiff from renewing its damages arguments under Federal Rule 12. Should Plaintiff so persist, all parties must be

For all of the reasons stated above, Plaintiff's Motion to Dismiss (**Doc. 46**) Chesapeake's Counterclaim is **DENIED**, and said denial is without prejudice to Plaintiff's renewing its arguments on summary judgment.  Furthermore, BBU's Motion (**Doc. 59**) for Leave to File a Counterclaim is **GRANTED**, and BBU shall file the amended answer, counterclaim and exhibits attached to its Motion (*see* Docs. 59-1 through 59-4) by **June 7, 2013**.

IT IS SO ORDERED.

June 4, 2013                                                                        s\Cathy Bissoon
                                                                                    Cathy Bissoon
                                                                                    United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

prepared to fully brief any attendant choice-of-law issues so that the Court may make a reasoned decision.